**Gurnam SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70258.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 2004.

Decided Aug. 4, 2004.

Earle A. Sylva, Esq., Rai Law & Associates, PC, George T. Heridis, Esq., Rai & Associates, PC, Tsz-Hai Huang, Hardeep S. Rai, Earle A. Sylva, Tsz-Hai Huang, Rai & Assoc., San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Thomas K. Ragland, DOJ-U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.at

Before: B. FLETCHER, LEAVY, and BERZON, Circuit Judges.

MEMORANDUM *

Gurnam Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' (BIA) summary affirmance without opinion of the order of an

---

* This disposition is not appropriate for publica-    tion and may not be cited to or by the courts

Immigration Judge (IJ) denying Singh's applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and a denial of asylum, and we uphold the IJ's decision unless the evidence compels a contrary conclusion. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003). We deny the petition.

Substantial evidence supports the IJ's adverse credibility finding. The evidence suggests that Singh's identification documents, including his driver's license and marriage certificate, are not authentic. Additionally, it appears from the record that Singh's birth certificate was altered. In light of the possible fabrication of these documents, Singh's inability to demonstrate significant knowledge about the Akali Dal Mann Party or to testify in detail about his political involvement, as well as minor inconsistencies in his testimony, provide substantial support for denying his asylum application on the basis of an adverse credibility finding. *See Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir.2004).

Because Singh did not establish eligibility for asylum, he did not satisfy the more stringent standard for withholding of removal. *See Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000). Substantial evidence supports the IJ's conclusion that Singh is not entitled to relief under the CAT because he did not demonstrate that it is more likely than not that he would be tortured upon return to India. *See Malhi,* 336 F.3d at 993.

**PETITION FOR REVIEW DENIED.**

of this circuit except as may be provided by Ninth Circuit Rule 36–3.